GEORGE D. SISSON LUMBER & SHINGLE CO. *v.* HAAK.

SALES—ACCEPTANCE OF GOODS—EVIDENCE—SUFFICIENCY.
  Circumstances attending a sale and delivery of shingles exam-
  ined, and *held*, that by receiving and unloading them into his
  yard and selling from them and making no claim for defects
  until nearly a month after their receipt, the buyer accepted
  them and could not thereafter claim that they were not of
  the quality ordered.

Error to Calhoun; Hopkins, J. Submitted February
9, 1905. (Docket No. 121.) Decided March 21, 1905.

Assumpsit by the George D. Sisson Lumber & Shingle
Company against Harry K. Haak for goods sold and de-
livered. There was judgment for plaintiff on verdict
directed by the court, and defendant brings error. Af-
firmed.

*J. M. & J. L. Powers*, for appellant.

*O. S. Clark*, for appellee.

McALVAY, J. Plaintiff, an Indiana corporation,
brought suit against defendant, a dealer in lumber and
shingles at Battle Creek, Calhoun county, for the price
and value of a car load of shingles sold by plaintiff to de-
fendant under the following circumstances: A letter was
sent by defendant to plaintiff on July 13, 1903:

"*Gentlemen:* Will you please quote me prices on extra
red cedar shingles 5 / 2. An early reply will be greatly
appreciated. In case you get the order, how soon can
you have the car here?
                                        "H. K. HAAK."

July 18th plaintiff replied by telegram:

"To H. K. HAAK,
          "Battle Creek, Mich.:
  "Clears $3.25 transit car wire acceptance immediately."

To this telegram plaintiff replied:

" Send one car shingles."

The car in transit from the Pacific Coast was reconsigned to defendant by plaintiff, who surrendered the bill of lading to the railroad company, and sent invoice to defendant. Plaintiff ordered these shingles through the Bolcom Lumber Company of Winona, Minn. The transfer was made at Minneapolis. The shingles were sold f. o. b. at Battle Creek. The invoice amounted to $724.75. The shingles arrived at Battle Creek September 9th, and defendant paid $274.77 freight, and soon after they were delivered at his yard and unloaded by his employés.

There is no dispute as to the facts up to this point. The parties do not agree as to what occurred later. Plaintiff claims that defendant never notified it of the receipt of the shingles; that several letters were written to defendant, to which he made no reply; that a draft for the invoice was made upon him, and the letter of November 25th was the first heard from him after the shingles arrived:

> " BATTLE CREEK, MICH., Nov. 25, 1903.
> " GEORGE D. SISSON L. & S. Co.
> " *Gentlemen :* I have just received notice through the National Bank of this city that they have your sight draft for $734.40. Do not understand why you draw for this amount. Your invoice is $724.75; the freight on this is $274.77. Will you kindly explain why you made draft for $734.40. If there is any reason why I should pay this amount, I will do so, but at present do not understand it.
> " Yours truly,
> " HARRY K. HAAK."

Defendant gave notice under his plea that the shingles were ordered July 18, under an express agreement to be delivered within 30 days; that they were not delivered until September 9th, and were not clear shingles, but were rotten, defective, and poorly manufactured. Defendant, upon trial, offered to show that he wrote plaintiff two letters, dated October 3 and October 31, 1903, claiming that the shingles were poor, and asking for a reduction.

He also offered to show the poor quality of the shingles received by him. The trial court finally excluded the proof offered by the defendant, and instructed the jury to find for the plaintiff the amount of the invoice, less freight paid.

Upon the undisputed facts in this case, we do not find that there was any error. The shingles were received by defendant September 9th, and unloaded into his yard. He had ample opportunity to inspect them. He began at once to sell them out of the yard, and, according to his own testimony, no claim was made as to the shingles until October 3d, and, according to plaintiff's claim, not until November 25th. The law is well settled that in sales of this nature the consignee must act promptly after opportunity is given to inspect the goods, and reject them within a reasonable time. The two letters claimed to have been written by defendant, about which there was a serious dispute, do not reject the shingles, but claim they are not up to grade, and ask for a reduction. The letter of November 25th, about which there is no dispute, refers in no way to the quality of the shingles, but simply to the fact that the draft on defendant was not correct in amount. The conduct of defendant after receipt of the shingles amounted to an acceptance. The judge properly instructed a verdict for plaintiff.

Judgment is affirmed.

Moore, C. J., and Carpenter, Grant, and Hooker, JJ., concurred.