OZIAS WOLF *vs.* THERESA SULIK

First Judicial District, Hartford, March Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

General Statutes, § 1572, provides, among other things, that the owner of any vehicle who entrusts it to his agent, bailee, servant or employee, to be operated upon the public highways, shall be responsible for injury caused by the latter by neglecting to conform to the law of the road (§§ 1568, 1569) while in the performance of such owner's business within the scope of his authority. *Held:—*
1. That an arrangement between husband and wife whereby the latter, who owned and kept an automobile for the use and pleasure of the family, gave her husband general authority to take and drive it at will, constituted a bailment of the car while he was using it pursuant to such authority.
2. That such a bailment was, and was intended to be, a continuing one,—the husband's use not being an exceptional incident, but a carrying out of the very purpose for which the car was maintained by the wife; and that under such circumstances the relation between bailor and bailee, especially with reference to the responsibility of the owner for the use of the car on the public highways, was quite different from that which would arise from an occasional and exceptional loan.
3. That the statute was intended for the protection of the public, and

Wolf v. Sulik.

the phrase "in the performance of such owner's business," must include vehicles driven for pleasure as well as those driven for profit; and therefore that the wife in the present case was responsible to the plaintiff for an injury due to her husband's neglect to conform to the law of the road while driving her car pursuant to the general authority conferred upon him.

4. That there was evidence on the part of the plaintiff, reinforced by the silence of the wife who elected not to testify, from which the jury might reasonably have found that the husband was acting under her general authority at the time of the injury.

The rule of *respondeat superior*, originally restricted in its application to the relation of master and servant,—a relation based upon the right of one man to control the conduct of another—now rests upon the broader ground that everyone who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority.

Argued March 4th—decided April 16th, 1919.

ACTION to recover damages for negligently running into and injuring the plaintiff's wagon upon the highway, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Smith, J.;* verdict and judgment for the plaintiff for $85, and appeal by the defendant. *No error.*

*Michael G. Luddy,* for the appellant (defendant).

*Jacob Schwolsky,* for the appellee (plaintiff).

BEACH, J. The complaint alleges that while the plaintiff was driving his wagon on the highway it was injured by defendant's automobile, which was then being negligently operated by the defendant's husband on the left-hand side of the road and at a reckless rate of speed.

The injury and the husband's negligent violation of the law of the road are sufficiently established by the evidence, and the claim that the defendant is liable for

the injury inflicted by her husband is based on § 1572 of the General Statutes: "If the owner of any horse or other animal, or of any vehicle, shall entrust such animal or vehicle to his agent, bailee, servant or employee, to be ridden, led, driven or operated by such agent, bailee, servant or employee upon the public highways, or shall rent or loan the same to an incompetent and inexperienced person to be thus ridden, led, driven or operated, and such agent, bailee, servant or employee, while in the performance of such owner's business within the scope of his authority, or such incompetent or inexperienced person, as a result of such incompetency and inexperience, shall, by neglecting to conform to any provision of sections 1568 or 1569, cause any injury to the person or property of another, such owner shall pay to the party injured his actual damages and costs." Sections 1568 and 1569 relate to the law of the road and the carrying of lights on vehicles using the highways between sunset and sunrise.

There is no sufficient allegation in the complaint that the husband was an incompetent or inexperienced driver. That possible ground of recovery may be laid out of the case, and the question is whether or not there was evidence from which the jury might reasonably have found that at the time of the injury the husband was an agent, bailee, servant or employee in the performance of the defendant's business within the scope of his authority. The only allegation in the complaint on this point is, that "said automobile of the defendant was for the use and pleasure of her family, and, at the time of the collision aforesaid, said automobile was being used for that purpose and with the consent of the defendant." This allegation eliminates any possible claim that the husband was at the time of the injury driving the car under any special instructions of the defendant or upon any separate and ex-

clusive business of the defendant, and the plaintiff's case rests on the broader ground that the defendant is liable under the statute because the car was being operated for the purpose for which she maintained it and by a driver authorized to operate it for that purpose—whether the car was maintained for profit or for pleasure.

The evidence in support of the plaintiff's allegation was such that the jury might reasonably have found that the car belonged to the defendant, that she had no operator's license, and that she had given her husband, who was a licensed operator, general authority to take the car at his pleasure whenever he wanted to go anywhere, without obtaining special permission to do so; and that he had been in the habit of doing so. Defendant offered no evidence to show that the husband was not using the car under this general authority at the time of the injury.

Defendant claims that on this evidence the jury were not entitled to find that either the husband was the agent, bailee, servant or employee of the defendant, or that, at the time of the injury, he was in the performance of the defendant's business and within the scope of his authority.

On the first point the evidence is decisive. The arrangement under which the husband used the car was a bailment.

The other point involves the construction of this statute (§ 1572) as applied to bailor and bailee. On its face it appears to make all bailors of animals or vehicles which are ridden, led, driven, or operated on the highways, liable for the negligence of their bailees, to the same extent that a master is liable for the negligence of his servant. This is the plain effect of the statute when the bailment is solely for the benefit of the bailor, for then the bailee is on the business of

the bailor, and if acting within his authority, the bailor is liable as if the relation were one of master and servant. On the other hand, the statute evidently does not apply to special bailments for the sole benefit of the bailee—as where a horse and wagon is loaned for the sole benefit of the borrower—because the bailee in such a case is upon his own business and not upon any business of the bailor. Nor would the statute apply to most special bailments for the mutual benefit of bailor and bailee, for it is ordinarily the business of the bailee and not of the bailor to carry out the purposes of such bailments.

The bailment in this case is not a special bailment but a continuing one. This use by the husband was not an exceptional incident in the intended use of the car, but a carrying out of the purpose for which the car was maintained by the owner and intended to be habitually used. In such a case the relation between bailor and bailee, especially with reference to the responsibility of the owner for the use of the car on the public highways, is quite different from that which arises out of an occasional and exceptional loan. The statute is for the protection of the public, and the phrase "in the performance of such owner's business" must include vehicles driven for pleasure as well as for profit.

This question of the responsibility of owners of pleasure cars maintained for the use and convenience of members of the owner's family, has been the subject of considerable litigation in recent years. The cases on the subject are collected and reviewed in the note to *Birch* v. *Abercrombie*, 50 L. R. A. (N. S.) 59 (74 Wash. 486, 133 Pac. 1020), and in the note to *McNeal* v. *McKain*, 41 L. R. A. (N. S.) 775 (33 Okla. 449, 126 Pac. 742). We need not refer to them in detail, because our decision must be controlled by the statute. It is enough to say that while there is some conflict of opin-

ion, the increasing weight of authority seems to be that when a motor-car is maintained by the pater-familias for the general use and convenience of his family, he is liable for the negligence of a member of the family having general authority to drive it, while the car is being used as a family car. *Smith* v. *Jordan*, 211 Mass. 269, 97 N. E. 761; *Daily* v. *Maxwell*, 152 Mo. App. 415, 133 S. W. 351; *Stowe* v. *Morris*, 147 Ky. 386, 144 S. W. 52; *McNeal* v. *McKain*, 33 Okla. 449, 126 Pac. 742; and other cases in the notes above referred to. The inherent justice of the rule thus stated is apparent, and the chief reason why some courts have declined to follow it, is because, on the facts of the case, they could not spell out the relation of master and servant, which at the common law must necessarily be established before the rule *respondeat superior* becomes applicable at all. See for example *Doran* v. *Thomsen*, 76 N. J. L. 754, 71 Atl. 296. On this record that difficulty does not exist, for within the limited class of bailments to which it relates, the statute expressly applies the rule to bailors as well as masters.

We think this case falls within the reason as well as the letter of the statute. The difficulty of formulating any satisfactory explanation for all of the recognized applications of the rule *respondeat superior* is well understood, but it is generally accepted as a necessary rule of public policy and social justice. Under an older and simpler economic system, the rule was restricted in its application to the relation of master and servant, and in its origin that relation rested on the right of one man to control the conduct of another. But theoretically as well as practically, the master's responsibility for the negligence of his servant extends far beyond his actual or possible control over the conduct of the servant. It rests on the broader ground that every man who prefers to manage his affairs through others, remains bound to

so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority.

In this case the defendant desired to maintain a pleasure car for the convenience of her husband. If in carrying out her purpose she had employed a chauffeur to drive him about, she would have been liable, on the principle above stated, for the chauffeur's neglect while so engaged. Now, suppose that she chooses to eliminate the chauffeur and to authorize her husband to drive himself about. There seems to be no reason, except the traditional limitations of the rule *respondeat superior*, why she should not also be liable for his neglect, while so engaged. She is still accomplishing her original purpose, and still managing her own affair through another. She had no more control over the conduct of the chauffeur while he was driving her husband about, than she had over her husband's conduct while he drives himself about; and she may terminate the authority of either at will. We think the statute was intended to cover such a case.

The question still remains whether there was evidence from which the jury might have found that the husband was acting under her general authority at the time of the injury. It is possible, of course, that he might not have been. But according to the defendant's own statements, as testified to by one of the plaintiff's witnesses, the husband's authority was broad enough to include his use of the car on this occasion. If he was exceeding his actual general authority on this particular occasion, the fact was one peculiarly within the knowledge of the defendant, and as she elected not to testify, the jury were entitled, from the plaintiff's evidence, reinforced by her silence, to draw the inference that the husband was operating the car on her busi-

ness and within his authority when the injury was inflicted.

There is no error.

In this opinion PRENTICE, C. J., RORABACK and WHEELER, Js., concurred.

GAGER, J. (dissenting). I dissent on the ground that, upon the facts as stated in the opinion, the husband was not at the time of the accident in the performance of any business of his wife, whether as agent, servant, or bailee. He had a simple permissive use for his own benefit alone, and was a bailee in the class known as *commodatum*. Under such a relationship, the bailor is not liable for the negligence of the bailee, either under the present statute or at common law. *McColligan* v. *Pennsylvania R. Co.*, 214 Pa. St. 229, 63 Atl. 792, 6 L. R. A. (N. S.) 544; *Herlihy* v. *Smith*, 116 Mass. 265; 3 R. C. L. p. 145.