CHARLES HAUGH *vs.* MRS. THEODORE F. KIRSCH.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

An exception to a finding of a subordinate fact should recite that it was found without evidence, not "that all the evidence on this matter did not warrant" it.

The statute (§ 5830) relating to evidence touching exceptions to the finding requires the trial judge to certify, in addition to the evidence claimed by the parties, "any other evidence deemed" by him "to be material." *Held* that unless the contrary appeared from the record, it must be presumed that the trial judge had performed his full duty and that there was no other evidence considered by him to be material.

Haugh *v.* Kirsch.

A finding that the defendant maintained her automobile as a family car must be stricken out where the only evidence bearing upon the point was her own testimony in which she explicitly and reasonably denied that such was the case.

A finding that the defendant's son operated her automobile as her agent and bailee was a conclusion of fact which, being unsupported by the subordinate facts as corrected by this court, could not stand.

Where the corrections of a finding, made by this court upon appeal, vary the conditions governing the conclusions of the trial court so materially as in the present case, a new trial must be ordered.

A declaration made by the driver of an automobile on the evening following an accident is not admissible as a spontaneous utterance contemporaneous with or immediately following the event; one made at the time of the collision may be received in evidence within the discretion of the trial court.

The admission of incompetent evidence to prove the loss of public records may be rendered harmless by subsequent direct evidence of the same fact.

Argued October 28th, 1926—decided January 11th, 1927.

ACTION to recover damages for injuries to the plaintiff's motortruck, alleged to have been caused by the defendant's negligence, brought to the District Court of Waterbury and tried to the court, *Beardsley, J.;* judgment for the plaintiff for $1,307, and appeal by the defendant. *Error and new trial ordered.*

*James A. Peasley,* with whom, on the brief, was *Maurice P. Wrenn,* for the appellant (defendant).

*Dennis W. Coleman* and *Philip N. Bernstein,* for the appellee (plaintiff).

HINMAN, J.   The substituted complaint alleges that at the time of the collision between the plaintiff's truck and the defendant's car the latter was operated by the defendant's son, Russell Kirsch, as her agent and bailee, with her consent and in carrying out the business and purpose for which the automobile was kept and maintained by the defendant.   The plain-

tiff's claimed right of action is based upon the rule of law which has been adopted in this State that when an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it. *Stickney* v. *Epstein,* 100 Conn. 170, 178, 123 Atl. 1, 32 A. L. R. 1511; *Wolf* v. *Sulik,* 93 Conn. 431, 106 Atl. 443. The right of the plaintiff to recover depends, therefore, upon his ability to establish facts which render this rule applicable and the defendant, consequently, liable as the owner of such a family car.

Facts are found by the trial court which are adequate to this purpose, and the principal question presented by this appeal is whether these facts are justifiably found. The appellant seeks to eliminate the findings that the car involved in the collision was purchased and maintained by the defendant for the general use of herself and family; that her husband and sons used it frequently for their own purposes and convenience, whenever they desired, without asking the defendant's express permission to do so; that such use by any of them was not objected to by the defendant; and that at the time of the collision her son Russell was using the car for a purpose for which it was so purchased and maintained by the defendant.

The motion to correct by striking out these portions of the finding is defective in form in that the reason assigned as to each is "that all the evidence on this matter did not warrant the finding of the fact." The only available reason for striking a fact from a finding is that it is found without evidence, but we construe the reason here given as, in effect, equivalent thereto.

An exception to the finding of a material fact as without any evidence should be accompanied by a transcript of "all evidence claimed by either party to be material in determining as to the existence of the facts to which such exceptions relate, . . . and any other evidence deemed by the judge to be material." General Statutes, §5830. The evidence certified is to be taken as embracing all the material evidence adduced at the trial as to the points in question unless the contrary appears from the record, it being presumed that the judge performed his duty and that there was no other evidence deemed by him to be material. *Costantino* v. *Lodjiodice,* 93 Conn. 203, 211, 105 Atl. 480; *Appeal of St. John's Church,* 83 Conn. 101, 105, 75 Atl. 88. The only evidence, in the record, as to the purpose for which the defendant's car was maintained and used and the right of others to operate and use it, is that of the defendant, and this is barren of either direct or inferential support of the facts in question. On the contrary, the defendant insisted that her sons were authorized to drive her car only when requested by her or with her express permission, and were forbidden to use it without such permission. The reason which she assigned, "I had no insurance on the car and I didn't want to have them use it," is not unnatural. Upon the evidence before us, we are obliged to hold that the facts objected to were found without evidence and must be stricken from the finding.

Paragraphs twenty and twenty-four contain statements capable of being construed as a finding that the defendant's son Russell was her agent and bailee, but, if so regarded, it is a finding of an ultimate fact depending for its essential support upon the subordinate and operative facts which we have removed from the finding. Hence these corrections vary so materially the conditions governing the conclusion of the trial

court—attacked by the second reason of appeal—that the defendant's son was her agent and bailee on the occasion in question, with authority to drive and use her car for the purpose for which he was then using it, that a new trial must be ordered. *Nichols* v. *Manchester,* 82 Conn. 619, 622, 74 Atl. 935; *Lowe* v. *Hendrick,* 86 Conn. 481, 484, 85 Atl. 795.

The testimony of the plaintiff as to declarations made to him by Russell Kirsch and his father in the evening following the collision should have been excluded. It does not appear that either of them was the defendant's agent for the purpose of making admissions, and the circumstances exclude the presence of the elements necessary to constitute a spontaneous utterance contemporaneous with or immediately following the event. *Morse* v. *Consolidated Ry. Co.,* 81 Conn. 395, 71 Atl. 553; *Perry* v. *Haritos,* 100 Conn. 476, 482, 124 Atl. 44. The ruling that the statement made by Russell Kirsch to LaFlamme, the driver of the plaintiff's truck at the time of the collision, was such a spontaneous utterance as to be admissible was so within the trial court's discretion as to be unassailable. *Perry* v. *Haritos, supra.*

The letter from the State department of motor vehicles, Exhibit B. 2, and the testimony of the plaintiff and one Ells with reference thereto, were not admissible, over objection, for the purpose of proving that the department records showing motor vehicle registrations for the year 1920 had been destroyed, but their admission was rendered harmless by subsequent direct evidence of that fact.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.