MARY O'KEEFE *vs.* JOSEPH FITZGERALD ET AL.

First Judicial District, Hartford, May Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The owner of a motor-car which is maintained by him for the general use and convenience of his family is liable, under the common law of this State, for the negligence of a member of the family who has general authority to drive it, while the car is being used as a family car.

A sister who resided in her brother's home and frequently drove the automobile which he maintained for the pleasure and convenience of his family, but never without asking special permission to do so, could not be held to have the "general authority" to drive it, which is an essential element of the so-called "family-car doctrine"; and, therefore, where the sister desired to use the automobile for the purpose of taking friends to a wedding and, on the evening before, and again on the morning of, the occasion, she requested and obtained her brother's consent to do so, he was not liable for injuries which the plaintiff sustained while riding in the car as a guest of the sister and as a result of her negligence.

*It would seem* that the sister was a member of the brother's "family" within the meaning of the doctrine.

Argued May 6th—decided June 11th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendants' negligence, brought to the Superior Court in Hartford County and tried to the jury before *Marvin, J.;* verdict for $2,000 against both defendants which the trial court set aside as against the defendant Albert Lose; and from this decision the plaintiff appealed. *No error.*

*Edward J. Daly,* with whom was *Thomas P. Dunne,* for the appellant (plaintiff).

*Ralph O. Wells,* for the appellee (defendant Albert Lose).

HAINES, J.   The plaintiff, on September 30th, 1925, was riding as a guest in the car of the defendant Lose operated by his sister, Lydia A. Lose, when it came in collision with a car operated by the defendant Fitzgerald.   The plaintiff suffered personal injuries as a result of the collision and brought this action against both defendants, alleging negligence.   The jury gave a verdict for $2,000 against both defendants, but the court, on motion, set aside the verdict as to the defendant Lose.   The correctness of that action by the court, is the sole question raised by this appeal of the plaintiff, and all the evidence applying to the family-car doctrine has been certified for our consideration.

The jury could reasonably have found from the evidence before them, that Lydia A. Lose, the sister of the defendant and the driver of his car at the time of the accident, was employed by him in his fruit and confectionery store, and received wages from him as such employee; that she lived in his family and had done so for six years, during which time she had had no other home; that she was a member of his family, receiving her meals and occupying a bedroom there; that the family consisted of the defendant and his wife and children and the father and mother of the defendant and the sister herself; that she learned to drive an automobile three years before, using this car with the defendant's consent, and being taught by a friend of the defendant; that she and the defendant were the only members of the family licensed to drive; that she had no car of her own and had seldom driven any other car than this; that on the day in question, she wanted the car to go to a church wedding with her guests, whom she had previously invited to go with her, and had told the defendant the night before of her wish and asked his permission to use the car, and he told her it would be "perfectly all right"; that on

the morning of the day in question she told the defendant she was going to use the car as arranged the night before; that neither on this, nor any other occasion, was the car being used by her for the purposes of the store, the car being maintained by the defendant for pleasure only; that the defendant never asked her to drive the car for him and that she was never paid for driving it; that if other members of the family were taken out in the car, the defendant usually drove it, though she had sometimes done so, as an accommodation, when he could not go; that she used the car, on the average, once a week, always for her own purposes, and the defendant never restricted her in the use of it; and finally, that she always got special permission from the defendant when she wanted to use the car and had "borrowed" it for her own purposes on this day. The verdict necessarily implies that the jury found there was negligence on the part of Miss Lose while driving the defendant's car on this occasion. It also necessarily implies that the jury held the defendant legally responsible for the negligence of his sister, under all the circumstances of the case.

The trial court set aside the verdict as to this defendant Lose because it felt the negligence of the driver did not involve the defendant in legal liability. This conclusion involves the so-called family-car doctrine, as it is recognized in this State. The limitations of the common law rule of *respondeat superior* were such, that the increased use of the automobile, and the resulting claims for damages for injuries by negligence, brought about in the enactment in 1905 of a statute by which the owner of a horse or automobile, who entrusted it to his agent, bailee, servant or employee, to be used upon the public highways, or who rented or loaned it to an inexperienced or incompetent person for such use, while in the performance of the

owner's business within the scope of his authority, is made responsible for the negligent injury resulting to another from such use. This statute was repealed in 1921, and no further legislation upon the subject has been enacted. Public Acts of 1905, Chap. 216, § 4; General Statutes, § 1572; Public Acts of 1921, Chap. 334.

In 1923, in *Stickney* v. *Epstein,* 100 Conn. 170, 123 Atl. 1, we had occasion to consider a case where it was sought to hold the owner of an automobile responsible for the negligence of his wife in driving a car used and maintained by him for the business, use, pleasure, and convenience of his wife and family, and used by her in furtherance of that purpose. The wife had "general authority" from him to take and use the machine when and as she pleased. She was using it under this authority and for the purpose for which the owner maintained it, when the injury occurred. It was claimed by the plaintiff that "the purpose for which the defendant's wife was operating the automobile was a family purpose, and it was the purpose for which the defendant intended the automobile to be used, and at the time the plaintiff was injured the automobile was being used by the defendant's wife in carrying out the purpose for which the defendant maintained the automobile." We there referred to the language of this court in *Wolf* v. *Sulik,* 93 Conn. 431, 106 Atl. 443, and to the cases which had been collected in the note to *Birch* v. *Abercrombie,* 50 L. R. A. (N.S.) 59, (74 Wash. 486, 133 Pac. 1020) and in the note to *McNeal* v. *McKain,* 41 L. R. A. (N. S.) 775 (33 Okla. 449, 126 Pac. 742), and suggested, that while there was some conflict in the decisions, the increasing weight of authority seemed to be that "when a motor-car is maintained by the paterfamilias for the general use and convenience of his family, he is liable for the

negligence of a member of the family having general authority to drive it, while the car is being used as a family car." Citing *Smith* v. *Jordan,* 211 Mass. 269, 97 N. E. 761; *Daily* v. *Maxwell,* 152 Mo. App. 415, 133 S. W. 351; *Stowe* v. *Morris,* 147 Ky. 386, 144 S. W. 52; *McNeal* v. *McKain,* 33 Okla. 449, 126 Pac. 742.

We further said the inherent justice of the rule was apparent, and that it rested "on the broad ground that every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of such others while they are engaged upon his affairs and within the scope of their authority."

The family-car doctrine, as thus broadly stated in that case, thus became a rule of liability in this State. It will be seen that the limits of that liability are much more restricted than in the statute which was repealed in 1921. The rule thus formulated was a logical outgrowth of the common law principle of *respondeat superior,* and adopted in support of a sound and just public policy, in view of existing conditions. The cases which have followed in this court since *Stickney* v. *Epstein, supra,* have been decided by us upon the application of the above rule to the facts of each case. *Chouinard* v. *Wooldridge,* 102 Conn. 66, 75, 127 Atl. 908; *Haugh* v. *Kirsch,* 105 Conn. 429, 135 Atl. 568.

In the latter case, we restated our rule as follows (p. 431): "When an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it." The rule is variously stated in

different jurisdictions.   Berry on Automobiles (5th Ed.) § 1335.

We are referred to West Virginia, where it is said: "Where one owns and maintains it [an automobile] for the comfort, convenience, pleasure and recreation of his family and entrusts its management to any member thereof, such member will be regarded as the agent or servant of the owner, making him liable in damages for the injuries sustained by a third person from the negligent management of said machine on the public roads by such agent or servant." *Ambrose* v. *Young,* 100 W. Va. 452, 456, 130 S. E. 810; *Beard* v. *Davis,* 86 W. Va. 437, 103 S. E. 278.   It will be seen that this statement of the rule in West Virginia is broader than our own.   One of the limitations under our rule is that the driver of the car must be shown to have had from the owner "general authority to drive the car while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it."   Under this rule, it was necessary for the plaintiff to establish that Miss Lose had general authority to use the car.   The question is, as said by the trial court, a close one.   She might, perhaps not unfairly, be said to be a member of the defendant's family, but it appears that she did not venture to take the car without permission; in fact she approached the owner twice upon the matter.   If she had had general authority to use it, and he was maintaining it for her use as well as for his own and that of the other members of his family, the seeking of permission to drive the car on this occasion would manifestly have been unnecessary.   She not only sought permission, but she explained her purpose, and when, where, and how she wanted to use it.   The record is bare of any instance where she had used the car without thus seeking permission.   There appears no instance when she used

it on a general authorization to do so. She always obtained "special permission." We conclude she correctly expressed the relation when she said that she "borrowed" the car on this occasion. She was purely a gratuitous bailee, and whatever would have been the liability under the statute repealed in 1921, the owner cannot be held under the terms of our rule as formulated and established in this State. The owner has been held not liable, under somewhat similar circumstances, in Iowa and in Pennsylvania. *Reynolds* v. *Buck,* 127 Iowa, 601, 102 N. W. 946; *Mooney* v. *Canier,* 198 Iowa, 251, 197 N. W. 625; *Napier* v. *Patterson,* 198 Iowa, 257, 196 N. W. 75; *Calmann* v. *Sperry,* 276 Pa. St. 273, 119 Atl. 915. The trial court was correct in setting aside the verdict as to the defendant Lose.

Under the stipulation of the parties, the decision herein is to govern the pending actions of John E. Farr, and John E. Farr, Administrator, against Joseph A. Fitzgerald *et al.*

There is no error.

In this opinion the other judges concurred.