MAY SILVERMAN ET AL. *v.* IRVING SILVERMAN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued October 8—decided November 6, 1958

*William R. Moller,* with whom were *J. Ronald Regnier* and, on the brief, *George E. Merwin,* for the appellant (defendant Abraham Silverman).

*Morris H. Broder,* for the appellee (named plaintiff).

Murphy, J. The plaintiff May Silverman is the wife of the defendant Abraham Silverman. While a passenger in her husband's automobile, she sustained injuries as a result of the negligent operation of the car by the couple's unemancipated minor son Irving. From a judgment in her favor against her husband, he has appealed. The principal question involved is whether the wife and mother has a cause

of action against the husband and father under the family car doctrine for the tort of the unemancipated child even though she is precluded from recovering from the child. No reported cases upon this point have been cited by counsel, nor have we found any.

The essential facts may be summarized as follows: On September 29, 1952, May and Abraham Silverman were the joint owners of a farm in Salem. Their eighteen-year-old son Irving assisted in the operation of it without salary but was supported by the parents. The father owned a passenger automobile which Irving had general authority to operate. It was maintained and used as a family car for the convenience and pleasure of the family. The mother did not drive an automobile or have an operator's license. On the day in question, Irving was driving his mother and his brother Richard to Norwich to visit the father, who was a patient in a hospital. The mother was carrying food which the father had requested. On the way, the car was involved in a collision with a truck operated by Albert Rogers. The mother and Richard were injured. They brought suit to recover for their injuries from Irving, Abraham, and Rogers. The mother withdrew her suit against the son, Irving. Judgment was rendered for her to recover $7296 from Abraham, her husband, and for Richard to recover from both Irving and Abraham. Judgment was also entered for the defendant Rogers. While the appeal is from the entire judgment, only so much of it as pertains to the liability of Abraham and some rulings on evidence is covered by the assignments of error that have not been abandoned.

The enactment of the Married Women's Act in 1877 (Public Acts 1877, c. 114; now General Statutes, c. 366, pt. 1) has been construed as giving a wife a

cause of action in tort against her husband. *Brown* v. *Brown,* 88 Conn. 42, 47, 89 A. 889. Had the husband in this case or his authorized agent been operating the automobile at the time of the collision, the wife could have sued either one or both for her injuries and, if the operator was negligent, could recover. A parent, however, cannot maintain an action against his or her unemancipated minor child for personal injuries caused by the negligence of the latter, because such an action is violative of public policy. *Shaker* v. *Shaker,* 129 Conn. 518, 524, 29 A.2d 765. We must decide whether it is likewise against public policy to allow recovery from the husband because of the delict of his son, who was his agent but is himself immune to suit.

The liability of Abraham, if any, arises under the so-called family car doctrine, which was enunciated in 1919 in *Wolf* v. *Sulik,* 93 Conn. 431, 106 A. 443, though the case was decided upon the proper construction of § 1572 of the 1918 Revision. We there held that the husband operator was the bailee of the owner wife and that the phrase "in the performance of such owner's business" in that statute included vehicles driven for pleasure as well as for profit. *Wolf* v. *Sulik,* supra, 435. The statute which imposed liability in that case was repealed in 1921. Public Acts 1921, c. 334. In 1923, however, in the absence of any such statute, the family car doctrine became a rule of liability in this state by our pronouncement in *Stickney* v. *Epstein,* 100 Conn. 170, 179, 123 A. 1; see *O'Keefe* v. *Fitzgerald,* 106 Conn. 294, 298, 137 A. 858. Under the rule, which is substantive, not procedural as claimed in the court below, the head of the family who maintains a motor vehicle for the general use and convenience of his family is liable for the negligence of a member of the family having

general authority to drive it, if it is being used as a family car. The application of the rule was broadened in *Haugh* v. *Kirsch,* 105 Conn. 429, 431, 135 A. 568, to include the owners of all family cars, not just heads of families. The rule was implemented in 1931 by the adoption of what is now § 7904 of the General Statutes (Cum. Sup. 1935, § 1658c), which creates a rebuttable presumption that a car is being operated as a family car in cases where the owner bears a designated relationship to the operator.

That the Silverman car was a family car and that Irving had general authority to use it are not questioned. Attacks upon the court's conclusion that Irving was negligent and that such negligence was a proximate cause of the mother's injuries have been withdrawn. The father is therefore liable to the mother unless recovery is denied upon the ground of the public policy which prevents a parent from recovering from his or her unemancipated child for personal injuries caused by the latter's negligence. *Shaker* v. *Shaker,* 129 Conn. 518, 524, 29 A.2d 765. The reasoning and conclusions in *Chase* v. *New Haven Waste Material Corporation,* 111 Conn. 377, 150 A. 107, are pertinent to the disposition of the question before us. In that case a young child was allowed recovery from the defendant for injuries sustained by the child through the negligent operation of the defendant's truck by its employee, the father of the child. The principle of respondeat superior, from which the family car doctrine was developed; *O'Keefe* v. *Fitzgerald,* supra; was the basis upon which the employer was held liable, though the child could not recover from his father. "Though the law may deny to the wife or child injured the right of recovery against the husband or parent who is the servant of the master, the lia-

bility of the master must remain until he satisfy it or be by rule of law relieved from the liability for his servant's wrong." *Chase* v. *New Haven Waste Material Corporation,* supra, 380. We know of no rule of law, and are unwilling to create one, to exculpate the defendant husband and father from the liability imposed upon him under the family car doctrine.

This defendant also advances the claim that he is not liable because the son's negligence has to be imputed to the mother under the theory that the mother was in a position to control the operation of the car. The court specifically found that the son's negligence could not be imputed to the mother. Upon the subordinate facts, no other conclusion was warranted. It does not appear that the mother was other than a passenger in the car. The negligence of the operator of an automobile cannot ordinarily be imputed to one who is a passenger in it. *Sullivan* v. *Krivitsky,* 100 Conn. 508, 510, 123 A. 847; *Goodhue* v. *Ballard,* 122 Conn. 542, 546, 191 A. 101. The record is barren of any evidence that the mother had anything to do with the operation of the car. The negligence of a child is not imputed to a parent who does not control, or have the right and duty to exercise control of, the child's conduct in the operation of a vehicle; *Volz* v. *Dresser,* 150 Pa. Super. 371, 376, 28 A.2d 493; unless the parent owns the vehicle and has the child drive it for him; 65 C.J.S. 830; or the child was the agent of the parent in the operation of the vehicle at the time. *Shaker* v. *Shaker,* supra, 525.

The remaining assignments of error that are material relate to rulings on evidence. The mother offered, and the court, over the objection of Abraham, admitted into evidence, doctors' bills and hospi-

tal bills totaling $472.22. Abraham based his objections upon the ground that they were not recoverable by her as items of damage because under the common law a husband was solely responsible for such items, and under General Statutes § 7308 (now Public Acts 1957, No. 191) husband and wife are jointly liable, the primary obligation to pay being on the husband. The finding that the mother had an interest in private property and obligated herself to pay the bills and the conclusion that she had sufficient estate and was expected to pay them fall far short of the proof necessary to permit their introduction under the exception to the general rule. *Bushnell* v. *Bushnell,* 103 Conn. 583, 596, 131 A. 432; *Ginsberg* v. *Ginsberg,* 126 Conn. 146, 148, 9 A.2d 812. Statements of counsel, in response to questions by the court, that the mother had property and had obligated herself to pay the bills were not the proper way to prove that the creditors looked to her alone for payment. The bills should not have been admitted into evidence, and the judgment should be reduced by the total amount of these bills.

There is error in the amount of the judgment only, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover $6823.78.

In this opinion the other judges concurred.