PETER L. SUTPHEN *v.* JOHN S. HAGELIN ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 148368
AT BRIDGEPORT

Memorandum filed January 16, 1975

*Bai, Pollock & Dunnigan,* for the plaintiff.

*Arthur C. Williams,* for the named defendant et al.

*Irwin E. Friedman,* for the defendant Evans T. Jones et al.

*Marsh, Day & Calhoun,* for the defendant Lee S. Hagelin.

MIGNONE, J. Lee S. Hagelin, a defendant herein and the mother of her codefendant, John S. Hagelin, has moved for summary judgment, claiming that there is no genuine issue of fact to support count one of the plaintiff's complaint.

The instant action arose out of a collision involving a motorcycle operated by John S. Hagelin and registered in the name of Lee S. Hagelin. Paragraph three of the plaintiff's first count alleges that John operated the motorcycle as the agent of Lee. In the affidavit attached to their motion for summary judgment, Lee and John have alleged facts which they claim show that the motorcycle was not operated by John as agent for Lee.

Paragraph four of the first count presents the focal allegation of facts which would entitle the plaintiff to claim the benefit of the family car presumption. Lee denies those facts and moves for summary judgment. She does not base her motion for summary judgment on a denial of negligence on the part of her son. Rather, she asserts that the family car doctrine is inapplicable to the facts of

this case as recited in her affidavit and that, therefore, she cannot be held liable for any negligence on the part of her son.

The family car statute, General Statutes § 52-182, appears in Chapter 899 of the General Statutes. The fact that the title of that chapter is "Evidence" is not without significance for, indeed, the family car "doctrine" is actually a presumption of fact. The purpose of General Statutes § 52-182 is to govern procedure, not to affect or create substantive rights. *Baker* v. *Paradiso,* 117 Conn. 539, 545. Where a plaintiff proves that the operator and owner of the vehicle are of a certain statutorily designated relationship, the statutory presumption arises as an "implementation" to aid a plaintiff in his proof. *Silverman* v. *Silverman,* 145 Conn. 663, 667. The precise nature of that presumption is very well discussed and analyzed in *O'Dea* v. *Amodeo,* 118 Conn. 58, 65, where the decision concluded: "[T]he intent of the statute is that the presumption shall *avail the plaintiff until such time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it,* leaving the burden then upon the plaintiff to establish, in view of the facts so found, that the car was being operated at the time as a family-car. From this it would follow that if the plaintiff offered no evidence upon the issue and the trier disbelieved the testimony offered by the defendant for the purpose of showing the circumstances of operation to have been such that it was not a family-car, the plaintiff would be entitled to recover." (Italics supplied.)

In *O'Dea,* the plaintiff offered no evidence other than that the car was operated at the time of the accident by the son of the owner. The defendants, son and father, denied that the car was maintained for the general use of the family and that permis-

sion to use the car was ever given at any time. The statutory presumption allowed, however, the issue of the use made of the car to reach the jury.

In the more recent case of *Hunt* v. *Richter,* 163 Conn. 84, the rule as above enunciated was reemphasized, namely, that once the plaintiff proves that the owner and the operator bear a relationship within the terms of the statute, the presumption arises. Then, even though the defendant produces evidence tending to rebut the presumption and the plaintiff produces no evidence whatsoever, the presumption does not disappear, and the court must submit the case to the jury for determination of issues of fact, unless the court determines that, on the basis of the evidence introduced, the jury as a matter of law could not reasonably find the elements of the doctrine to exist and thus that the court appropriately may direct a verdict for the defendant owner.

A companion statute, General Statutes § 52-183, raises a presumption that the operator of a motor vehicle, other than the owner, is the agent and servant of the owner and is operating the vehicle in the course of his employment, thereby imposing the burden of rebutting such presumption on the defendant owner. The quite recent case of *Bogart* v. *Tucker,* 164 Conn. 277, dealt with a similar claim as that made by Lee Hagelin herein. In *Bogart,* the defendant owner of the vehicle, Mrs. Tucker, moved for a directed verdict in her favor, which was denied. The language of the *Bogart* decision is quite pertinent to the issue here. The court stated (p. 281) : "At the outset, we note that our so-called agency statute, § 52-183, generally precludes the direction of a verdict for the defendant on the basis of the plaintiff's failure to establish agency. *Mitchell* v. *Resto,* 157 Conn. 258, 264 . . . . The statute creates the presumption that the operator of a car is the agent of the owner, and it places the

· burden of rebutting the presumption on the owner. Since the existence and scope of permission is a matter peculiarly within the knowledge of the defendant, the strict rule that any testimony contra ousts the presumption would seem to operate unfairly, since it may enable the defendant to overcome the effect of the presumption by a simple assertion that no consent was ever given. Indeed, as Chief Justice Maltbie noted in *Koops* v. *Gregg,* 130 Conn. 185, 187 . . . the statute goes further than merely establishing a presumption in that it definitely places a burden of rebutting it on the defendant. Thus, the presumption does not necessarily vanish on the introduction of any evidence to the contrary. Rather, '[t]he presumption ceases to be operative when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car . . . was operated by an agent of the owner . . . then rests upon the plaintiff; if no evidence relevant to the issue is produced, or, if countervailing evidence is produced but the trier does not believe it, the presumption applies, and the plaintiff is entitled to have the issue found in his favor.' " Even more in point to the issue to be decided on the instant motion for summary judgment, the court emphasized (p. 282): "Clearly, the only basis on which the defendant Tucker could succeed in her effort to secure a directed verdict, that is, to remove the issue from the jury's consideration, would involve rebuttal evidence of such a nature that it could not rationally be disbelieved." As the court stressed, the owner of the vehicle, Mrs. Tucker, was an interested party who claimed that she never gave the operator Vincent permission to operate her car. The specific language of the opinion warrants further quotation in stating (p. 282): "It is the function and exclusive province of the jury to pass on the credibility of witnesses. . . . In effect, the defendant asks

this court to substitute its own judgment concerning the credibility of witnesses for that of the jury, which saw and heard the witnesses testify. This court has never arrogated to itself such a power."

Lee Hagelin is raising essentially the same question which Mrs. Tucker presented to the Supreme Court, and its answer to that question is conclusive here also. Both question and answer were pithily set forth (p. 283): " 'In the absence of any evidence as to an agency relationship between the defendant, Janet Tucker, and the defendant, William Vincent, and the testimony under oath of both parties as to the absence of such a relationship, can the jury find that such an agency relationship did exist?' Because the jury were at liberty to disbelieve the defendant's testimony, and further because the evidence was such that the statutory presumption would preclude the direction of a verdict against the plaintiff, the jury's verdict as to the defendant Tucker must stand." Within the rationale of the above-discussed cases, only a court or jury can give the final, binding answer.

The motion of the defendant Lee S. Hagelin for summary judgment is accordingly denied.