[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Defendant's Motion for Summary Judgment as to Plaintiff's First and Second counts raises an issue whether parents affidavits indicating lack of permission to a minor child to operate the family car can rebut the presumption found in Section 52-182, the family car doctrine.
Both the mother and father of Peter Michael Schmid have filed affidavits indicating that their son on the day he collided with the plaintiff's vehicle had no permission to drive a Jeep Cherokee, nor had he ever so been given permission, nor was he operating for their request or benefit.
Because the defendants would not be entitled to a directed verdict under similar facts, Summary Judgment is denied.[1]
The defendant's Motion for Summary Judgment made under P.B. 380, requires that defendant establish the absence of any issue of fact and entitlement to judgment as a matter of law. The test is whether a party would be entitled to a directed verdict on the same facts. Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781.
General Statutes 52-182 provides in pertinent part that:
 [p]roof that the operator of a motor vehicle . . . was the . . . son . . . of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption.
CT Page 200
"Any rule that testimony of [the defendants] contrary to the existence of [authority to use an automobile] overcomes the presumption, would seem to operate unfairly." Keiper v. Monroe,5 CTLR 169, 169 (October 25, 1991, Wagner, J.), citing Sutphen v. Hagelin, 32 Conn. Sup. 158, 344 A.2d 270 (1975). "The presumption is not ousted by the introduction of evidence to the contrary." Id., citing Cooke v. Nye, 9 Conn. App. 221, 518 A.2d 77 (1986).
Judge Mignone in Sutphen, succinctly set forth the situation applicable to this case.
 The family car statute, General Statutes 52-182, appears in Chapter 899 of the General Statutes. The fact that the title of that chapter is "Evidence" is not without significance for, indeed, the family car "doctrine" is actually a presumption of fact. The purpose of General Statutes 52-182 is to govern procedure, not to affect or create substantive rights. Baker v. Paradiso, 117 Conn. 539, 545. Where a plaintiff proves that the operator and owner of the vehicle are of a certain statutorily designated relationship, the statutory presumption arises as an "implementation" to aid a plaintiff in his proof. Silverman v. Silverman, 145 Conn. 663, 667. The precise nature of that presumption is very well discussed and analyzed in O'Dea v. Amodeo, 118 Conn. 53, 65, where the decision concluded: "[T]he intent of the statute is that the presumption shall avail the plaintiff until such time as the trier finds proven the circumstances of the situation with reference to the use made of the car and the authority of the person operating it to drive it, leaving the burden then upon the plaintiff to establish, in view of the facts so found, that the car was being operated at the time as a family car. From this it would follow that if the plaintiff offered no evidence upon the issue and the trier disbelieved the testimony offered by the defendant for the purpose of showing the circumstances of operation to have been such that it was not a family-car, the plaintiff would be entitled to recover." (Italics supplied.)
The Defendant therefore would not be entitled to a directed verdict, and under the rule of the Carriage Lane CT Page 201 case, Summary Judgment is denied.
FLYNN, J.