[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Mildred and Joseph Krisak, filed a two-count complaint on September 26, 1989, seeking to recover damages for injuries sustained as a result of a motor vehicle accident. The plaintiffs allege that, on October 7, 1988, their vehicle was lawfuly [lawfully] stopped at a traffic light when Edward Pendagast III ("defendant operator") collided his vehicle, owned by defendant Edward Pendagast, Jr. ("defendant owner"), into the CT Page 6084 rear of their vehicle and caused the plaintiffs to sustain various injuries.
The plaintiffs allege that at the time of the accident, the defendant operator was an agent or employee of the defendant owner, who maintained the vehicle as a family car.
In the first count of the complaint, plaintiff Mildred Krisak asserts negligence and recklessness claims against both defendants. In the second count, plaintiff Joseph Krisak asserts negligence and recklessness claims against both defendants.
On December 22, 1989, the defendants filed a request to revise in which they sought to have the plaintiffs amend their complaint so that their negligence and recklessness claims would be stated in separate counts. The plaintiffs' objection to the defendants' request to revise was sustained by this court (Thim, J.) on February 5, 1990.
On March 6, 1990, the defendants filed a motion to strike the plaintiffs' entire complaint on the grounds that both counts simultaneously and improperly set forth claims for negliegence [negligence] and recklessness. The defendants also argued that the plaintiffs' claims for relief pursuant to 14-295 should be stricken because the complaint did not properly set forth allegations of recklessness. The plaintiffs' objection to the defendants' motion to strike was sustained by this court (Ballen, J.) on April 30, 1990.
On April 27, 1992, the defendants filed a motion for summary judgment on the following grounds.
 1. Plaintiffs' prayer for relief requesting double or treble damages pursuant to Connecticut General Statute 14-295 based on Counts One and Two is legally insufficent [insufficient] in that such relief is not based solely on a violation of one of the motor vehicle statutes enumerated in 14-295;
 2. Counts One and Two of plaintiffs' complaint fail to allege the requisite elements to support a claim requesting CT Page 6085 recovery of double and treble damages under Connecticut General Statutes 14-295.
 3. Assuming arguendo, if the Court should conclude that the plaintiffs' complaint contains sufficent [sufficient] allegations under 14-295, such multiple statutory damages may not be imputed to the owner of a vehicle under the family car doctrine; and
 4. Punitive damages may not be imputed to the owner of a vehicle based upon the operator's alleged conduct.
The defendants' motion was denied by this court (Freedman J.) on May 18, 1992; however, the order denying the defendants' motion as vacated (Freedman J.) on March 12, 1993. The plaintiffs filed a memorandum of opposition dated March 30, 1993.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Lees v. Middlesex Insurance Co.,219 Conn. 644, 650, 594 A.2d 952 (1991). A motion for summary judgment may properly be used to test the legal sufficiency of a complaint after an answer has been filed. Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971).
In moving for summary judgment, the defendants argue that the plaintiffs' complaint is legally insufficient because the plaintiffs combine their allegations of recklessness and negligence into a single count, and fail to specifically plead that the defendants have, with reckless disregard, operated a motor vehicle in violation of one of the statutes enumerated in Conn. General Statutes 14-295.[1] The complaint alleges however, among other things, that the defendant operator violated sections 14-218, 14-222, and 14-240, all enumerated in 14-295. Further, this court has found the complaint legally sufficient on two prior occasions even though it combines allegations of negligence and recklessness into each of the two counts, and asks for double and treble damages pursuant to 14-295 on the statutory violations alleged in each count. (Plaintiffs' objection to defendants' request to revise was sustained by Judge Thim on February 5, 1990; plaintiffs' objection to CT Page 6086 defendants' motion to strike was sustained by Judge Ballen on April 30, 1990.)
In Jack v. Scanlon, 4 Conn. App. 451, 453-454,493 A.2d 1084, cert. denied, 197 Conn. 808, 494 A.2d 904 (1985), the defendant admitted allegations of negligence only. The Appellate Court indicated as follows, id. at 454:
 The defendant admitted the allegations of the complaint which asserted liability. His liability, by those assertions, had numerous bases, including acts which amounted to a violation of General Statutes 14-242 for which double or treble damages may be assessed pursuant to 14-295, as well as other acts of negligence for which double or treble damages are not properly assessed. Since the defendant's admitted liability was based, in part, on a violation of one of the statutes mentioned in 14-295, double or treble damages could properly be considered by the court.
Thus while "[t]he ultimate determination of damages pursuant to14-295 . . . requires that liability be wholly based on a violation of one of the statutes enumerated," id.; Leone v. Knighton,196 Conn. 494, 496, 493 A.2d 887 (1985), the complaint in this case suffices to survive the motion for summary judgment. The determination whether the trier of fact finds liability solely on a basis authorized by 14-295 sufficient to support an award of double or treble damage must await a later day.
The defendant owner has also moved for summary judgment on the ground that he cannot be held liable for statutory damages under 14-295 because the defendant operator's alleged reckless conduct cannot be imputed to him under the "family car doctrine." Under the provision of Conn. Gen. Stat. 52-182,[2]
proof of certain familial relationships between the operator and owner of a motor vehicle creates a rebuttal presumption that the owner gave the operator general authority to operate the car. Cook v. Nye, 9 Conn. App. 221, 226, 518 A.2d 77 (1986). The statute is procedural; it creates only a presumption of fact and does not affect or create substantive rights. Baker v. Paradiso, 117 Conn. 539, 545, 169 A. 272 (1933); Sutphen v. Hagelin, 32 Conn. Sup. 158, 160, 344 A.2d 270 (Super.Ct. 1975). CT Page 6087 When the presumption holds, a plaintiff is entitled to recover from the owner "for the negligence of a family member who, having general authority to drive the car, uses it negligently while embarked on a family purpose. . . ." (Emphasis added). Cook v. Nye, 9 Conn. App. at 225.
There is absolutely no expression of legislative intent in52-182 that the owner of the family car should have liability identical to that of the operator. Sperger v. Roseman,3 Conn. L. Rptr. 3, 4 (1990) (Aronson, J.). Moreover at common law there is no vicarious liability for punitive or exemplary damages. Id.; see Gionfriddo v. Avis Rent a Car System, Inc.,192 Conn. 280, 288-89, 472 A.2d 306 (1984); Maisenbaker v. Society Concordia, 71 Conn. 369, 379, 42 A. 67 (1899). Since neither the statute nor the common law provides a basis for imposing punitive or exemplary damages on the defendant owner here for the reckless conduct of the defendant operator, the defendant owner cannot be found liable as a matter of law for any alleged recklessness of the defendant operator.
Thus, the motion for summary judgment is granted in favor of the defendant owner only with respect to the claims of recklessness in the first and second counts sought to be imputed to him and with respect to the claims against the defendant owner for punitive and double or treble damages. In all other respects the motion for summary judgment is denied.
LINDA K. LAGER, JUDGE