ARTHUR C. PRESTON *v.* THE VERPLEX COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 13—decided November 18, 1948

*Herman Seid,* of the New York bar, with whom were *Henry L. Shepherd* and, on the brief, *F. Howard Stickney,* for the appellant (defendant).

*William L. Beers,* with whom was *J. J. Henry Muller, III,* for the appellee (plaintiff).

JENNINGS, J.   The defendant had a prime contract with the United States government for the manufacture of incendiary bombs.   It entered into a subcontract with the plaintiff for work to be performed

by the latter on suspension lugs, which were essential parts of these bombs. On August 15, 1945, the day after the surrender of Japan, the prime contract was cancelled by the government and the subcontract was cancelled by the defendant. Plaintiff and defendant are agreed that the former is entitled to $625 for work in process. The plaintiff claims in addition $1472.51 over and above the amount paid for the finished lugs on the ground that this represented a reasonable selling price and was within the contract limits. Judgment was rendered for the total of these sums and the defendant has appealed.

No oral evidence was printed. The exhibits were numerous and were made a part of the finding. These disclose an extensive correspondence before, during and after the existence of the contract. It would serve no useful purpose and would unduly prolong the opinion to recite the facts found in detail. Only those necessary to the decision will be discussed.

On February 15, 1945, the plaintiff submitted a price per lug of $11\frac{1}{2}$ cents. On February 17, the defendant ordered 198,000 at that price. On March 30, the parties entered into a formal contract. It contained the following provision with reference to price: "In the event that the costs of production of the Suspension Lug result in a reasonable selling price greater than $11\frac{1}{2}$¢ The Verplex Company agrees to reimburse the A. C. Preston Company a sum not greater than 15¢ per piece. Any application for this increased price will be supported with a statement of actual costs subject to verification by the Army auditors at their discretion."

Production started March 18. About April 8 a change was made in the required work by which, the finding states, three new operations were added and one eliminated. The finding as to this matter refers

to certain correspondence. This describes only two additional operations and the elimination of one, and both parties make suggestions for improving the methods used with a view to reducing costs, but there is no statement as to what was actually done. At any rate, the plaintiff wrote the defendant on April 18 that "the net result seems to be an indicated selling price, at 15% profit, of 13.25¢ in place of the original 11.5¢." This increase was accepted by the defendant on April 23. In June another increase was requested, and on June 12 the defendant agreed to pay for all lugs made theretofore or thereafter under the contract at the rate of 15 cents subject to the terms of the contract of March 30 quoted above. The letter concluded: "In the meantime it is mutually agreed and understood that the price of 15¢ per piece is a tentative arrangement pending the outcome of the audit to be made of your records and pending further discussion it is the contention of this company that the price may not exceed the price set forth in the paragraph of the contract pertaining thereto and cited above."

Thereafter, lugs were paid for at the rate of 15 cents each up to the date of cancellation. No question was raised by the plaintiff until August 8 when he claimed, for the first time, that the increase of $1\frac{3}{4}$ cents granted on April 23 applied to both the minimum and maximum rates. The court found, in accordance with this claim, that after April 23 the minimum was $13\frac{1}{4}$ cents and the maximum was $16\frac{3}{4}$ cents. This finding is attacked as made without evidence. The parties are agreed that supporting evidence, if any, must be found in the exhibits. "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction."

*Ives* v. *Willimantic*, 121 Conn. 408, 411, 185 A. 427. This rule, applied to the wording of the documents relied on, leads to the inevitable conclusion that the ceiling price was and remained 15 cents. The contract read: "In the event that the costs of production of the Suspension Lug result in a reasonable selling price greater than 11½¢ The Verplex Company agrees to reimburse the A. C. Preston Company a sum not greater than 15¢ per piece." A spread of 3½ cents above the price paid is not mentioned in the correspondence. The only spread referred to is that fixed by the named minimum and maximum. The letter of April 18 reads: "The net result seems to be an indicated selling price, at 15% profit, of 13.25¢ in place of the original 11.5¢."

There is no finding that the product, for which the plaintiff furnished the labor only, was changed at any time. It is obvious from the words used and the conduct of the parties that their intention was to fix a fair price for the work based on the plaintiff's cost, including increased cost due to the number or character of the operations required, within the limits named. There is nothing in the exhibits in evidence upon which a finding reasonably could have been made that the parties agreed to any change in the maximum price fixed in the original contract.

Several other aspects of the case are stressed by the parties but all depend on the validity of the disputed finding under discussion. It is admitted that the plaintiff was paid at the rate of 15 cents for finished lugs, and if that was the ceiling price under the contract he can recover no more. For the reasons stated it is held that the ceiling price remained at 15 cents.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the

plaintiff for $625 with interest from December 29, 1945.

In this opinion the other judges concurred.