GENERAL MOTORS ACCEPTANCE CORPORATION *v.* PHILLIP A. CIRONE

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued November 5—decided December 24, 1958

*Myron Friedman,* for the appellant (defendant).

*Anthony I. Wells,* for the appellee (plaintiff).

DALY, C. J. In this action the plaintiff replevied an automobile which had been sold by the plaintiff's assignor on a conditional bill of sale. The trial court rendered judgment for the plaintiff. From this judgment the defendant has appealed.

A summary of the facts follows: On June 26, 1956, the Taber Cadillac Corporation, of Hartford, sold to William F. McCarthy, Jr., an Oldsmobile automobile under a written conditional sale contract, a certified copy of which was annexed to the finding. The contract was filed in the town clerk's office in Hartford on July 3, 1956. McCarthy was then, and has since remained, a resident of Hartford. He took possession of the car under the terms of the contract. The seller assigned all its right, title and interest in the contract to the plaintiff. On December 15, 1956, the defendant, a deputy sheriff, attached the automobile and took it into custody under a writ issued in an action brought by the Hartford National Bank and Trust Company against McCarthy. In that action the bank claimed $2000 damages and recovered a

judgment for $1795, plus costs of $41.05, upon which there remains an unpaid balance of $1730.05. On December 22, 1956, the automobile was taken from the custody of the defendant by another deputy sheriff by virtue of the writ of replevin in the present action. Under the terms of the conditional sale contract, there was a balance due at the time the automobile was replevied.

In his special defense, the defendant alleged that under the instrument purporting to be a conditional sale contract there was an absolute sale as to the Hartford National Bank and Trust Company; that the instrument did not state the dates when the instalments were payable, as required by § 2860d of the 1955 Cumulative Supplement to the General Statutes, and that under the provisions of § 2860d and of § 6694 of the General Statutes he was justified in attaching the automobile. According to the defendant, the conditional sale contract stated: "The Time Balance [$2965.87] is payable at office of General Motors Acceptance Corporation to be hereafter designated in 11 instalments of $75.00 each, commencing July 26th 1956, and one final installment of $2140.87 indicated in space below. The final instalment shall equal the amount of time balance remaining due." He asserts that since the date when the final instalment was due was not specified, the instrument did not describe all the conditions of the sale.

In 1953, § 6692 of the General Statutes was repealed and § 2162c (Cum. Sup. 1955, § 2860d) was substituted for it. Public Acts 1953, No. 180. Section 2162c is hereinafter referred to as § 2860d. Each of these statutes, §§ 6692 and 2860d, contained the provision that "[e]xcept as otherwise provided in this chapter, all contracts for the sale of personal property, conditioned that the title thereto shall re-

main in the vendor after delivery, shall be in writing, describing the property and all conditions of such sale." Section 6694 provides that "[a]ll conditional sales of personal property not made in conformity with the provisions of section 6692 . . . shall be held to be absolute sales except as between the vendor and the vendee and their personal representatives, and all such property shall be liable to be taken by attachment and execution for the debts of the vendee in the same manner as any other property not exempt by law from attachment and execution."

The trial court concluded that the conditional sale contract "complied with all the provisions of Section 6692" and that the contract "stated the terms of payment, including the number and amounts of installments, and the dates when due, with sufficient certainty to satisfy the requirements of . . . Section 6692." This action was commenced in 1956. As stated above, § 6692 was repealed in 1953. We construe the clause "not made in conformity with the provisions of section 6692," contained in § 6694, as referring not only to § 6692 but also to the later statute substituted for it, namely, § 2860d. "[W]here one statute makes provision for the enforcement of another, it must be presumed that the legislative intent is that the former will apply to the enforcement of any subsequent amendment of the latter." *Romanov* v. *Dental Commission,* 142 Conn. 44, 52, 111 A.2d 9.

The plaintiff maintains that the trial court did not err in concluding that the conditional sale contract complied with all the provisions of § 6692, for which § 2860d was substituted, and that the contract stated the terms of payment, including the number and amounts of instalments and the dates when they were due, with sufficient certainty to satisfy the re-

quirements of the statute. According to the plaintiff, the contract provided: "The [t]ime [b]alance is payable at office of General Motors Acceptance Corporation to be hereafter designated in 11 instalments of $75.00 and one final instalment of $2,140.87 each, commencing July 26th, 1956, and on the same day of each successive month thereafter, or as indicated in space below. The final instalment shall equal the amount of time balance remaining due." The plaintiff asserts that the phrase "and one final instalment of $2,140.87" is, and was, intended to be interpolated by typewriter between printed lines of the contract. The phrase was not inserted between printed lines. On the contrary, it was inscribed in such a manner as to render undecipherable the printed words "and on the same day of each successive month thereafter," words which are necessary to support the plaintiff's claim, and the trial court's conclusion, that the date when the final instalment, $2140.87, was due was stated with sufficient certainty to satisfy the requirements of the statute. The parties to the conditional sale contract were the Taber Cadillac Corporation, seller, and McCarthy, purchaser. It is true that in an action between them, or in one between the plaintiff, as assignee of the seller, and McCarthy, the intention of the parties would be ascertained from the language used in the contract, interpreted in the light of the situation of the parties and the circumstances surrounding them. *Preston* v. *Verplex Co.,* 135 Conn. 187, 189, 62 A.2d 860. In the instant case, however, neither the defendant, the officer who made the attachment, nor the Hartford National Bank and Trust Company, the attaching creditor, was a party to the contract.

The purpose of § 6692, for which § 2860d was substituted, and § 6694 was to protect those who, in deal-

ing with another, might be led, by that other's possession and apparent ownership of personalty, to believe him to be its actual owner. The statutes were not aimed at invalidating, nor do they invalidate as between the parties, a conditional sale contract, however defective its execution may be. They were passed solely for the benefit of the creditors of, and the bona fide purchasers from, the conditional vendee. This legislative purpose has been consistently recognized by our previous decisions. "We have interpreted the statutes strictly as against the parties to the conditional sale contract and with liberality towards those for whose protection they were enacted." *Rhode Island Hospital National Bank* v. *Larson,* 137 Conn. 541, 543, 79 A.2d 182. Section 2860d is not ambiguous. It provides unequivocally that all, not some, of the conditions shall be expressed in writing. *Rhode Island Hospital National Bank* v. *Larson,* supra, 545. As the date when the final instalment was due was not stated in the present contract, it did not incorporate the complete terms agreed to by the seller and the purchaser. We must conclude, as we do, that the contract was an absolute sale as to the Hartford National Bank and Trust Company, the attaching creditor, and that the automobile sold to McCarthy on the conditional bill of sale was liable to be taken by attachment for his debts. We have no occasion to discuss the other grounds upon which the defendant claims that the contract was an absolute sale as to the attaching creditor.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant for possession of the automobile.

In this opinion the other judges concurred.