LAURIE COOK *v.* ROBIN NYE ET AL.
(4332)

CHESTER CHLASTA ET AL. *v.* ALFRED E. NYE ET AL.
(4333)

ANTONI LAZAREWICZ *v.* ALFRED E. NYE ET AL.
(4334)

BORDEN, DALY and BIELUCH, Js.

Argued October 16—decision released December 2, 1986

*Constance L. Epstein,* for the appellant (defendant Alfred E. Nye).

*Michael F. Dowley,* for the appellees (plaintiffs).

DALY, J. Alfred E. Nye, hereinafter the defendant,[1] appeals from the judgments[2] rendered against him, holding him jointly and severally liable with Robin B. Nye, his daughter, for damages arising out of the daughter's negligent operation of a motor vehicle.

The daughter was operating a motor vehicle on route 66 in Middlefield. The vehicle she was driving collided with a car approaching from the opposite direction. These lawsuits ensued. The trial court rendered judgment for each of the plaintiffs against the daughter, and also found the defendant to be jointly and severally liable under the family car doctrine as codified in General Statutes § 52-182. The court further held that the defendant was estopped from denying agency because the vehicle was registered in his name.

The defendant, in answering the complaint, admitted owning the motor vehicle his daughter was driving.[3] In addition, the court found the following facts:

---

[1] We refer to Alfred E. Nye as the defendant because he was a codefendant in each of the suits filed in this matter, and is the real party in interest in this appeal.

[2] Three suits involving four plaintiffs were consolidated on appeal. Counsel of record in the *Chlasta* suit submitted a brief and argued the appeal on behalf of all the appellees.

[3] Paragraph 3 of the complaint in *Chester Chlasta* v. *Alfred E. Nye et al.* stated: "At said time and place, the defendant, Alfred E. Nye, was the owner of a 1977 Monte Carlo, which was being operated in a westerly direction on said highway, Route 66, by the defendant, Robin Nye." In his answer, Alfred E. Nye stated: "2. Paragraph 3 is admitted."

The car was registered and insured in the defendant's name, he had advanced $400 towards the purchase price of the car, and he was the cosigner on the promissory note for the unpaid balance of the purchase price of the car. At the time of the purchase, the daughter was a minor residing with her parents. Although she had reached her majority by the time of the collision, she continued to live at home. The defendant asserted that he was not the "real owner" of the car, that he did not control the car, and that it was not being used for a family purpose. He based these assertions on the fact that the daughter had repaid the $400 loan, that she alone used the car, that she maintained and serviced the vehicle with her own funds, that she had exclusive possession of the only set of keys to the car and, finally, that she never needed her father's permission to use the car.

The trial court applied General Statutes § 52-182 to the facts. Section 52-182 provides in pertinent part: "Proof that the operator of a motor vehicle . . . was the . . . daughter of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption." The court concluded that the defendant failed to overcome the presumption and was therefore liable under the family car doctrine. The court also concluded that the defendant was estopped from denying ownership of the motor vehicle under General Statutes § 52-183, which provides: "[i]n any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operat-

ing it in the course of his employment. The defendant shall have the burden of rebutting the presumption."

The defendant raises two claims of error on appeal: first, that the court erred in applying the family car doctrine; and second, that the court erred in imposing liability under an agency theory, under General Statutes § 52-183.

On appeal, the function of this court is to determine whether the factual findings of the trial court are clearly erroneous, or whether the decision is otherwise erroneous in law. Practice Book § 4061 (formerly § 3060D).[4] This involves a dual function. When the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct. In addition, we must assess their factual support as delineated in the memorandum of decision. Similarly, when the factual basis of the court's decision is challenged, we must determine whether the facts set forth in the memorandum of decision are supported by the evidence, or whether, in light of the evidence and the pleadings in the record as a whole, those facts are clearly erroneous. Such is the standard and scope of this court's review of decisions of the trial court. We will not venture beyond this boundary. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). " 'We cannot retry the facts or pass upon the credibility of the witnesses.' " Id., 220, quoting *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975).

The defendant contends that there was insufficient evidence to compel application of the family car doctrine. Further, he avers that even if such application

[4] The language of Practice Book § 4061, effective October 1, 1986, is different from § 3060D. The new rule makes clear that which was implicit in the earlier rule, i.e. only the factual findings are subject to the "clearly erroneous" test.

was appropriate, the resulting presumption was squarely rebutted in that the evidence clearly established that the vehicle was not a family car. It is settled law that in an appeal based on evidentiary insufficiency " ' "[w]e do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." ' " *In re Cynthia A.,* 8 Conn. App. 656, 660, 514 A.2d 360 (1986), quoting *Pandolphe's Auto Parts, Inc.* v. *Manchester,* supra, 222.

It has long been settled in Connecticut that when a car is maintained by its owner for the "general use and convenience of his or her family," the *owner* is jointly and severally liable for the negligence of a family member, who, having general authority to drive the car, uses it negligently while embarked on a family purpose, that is, for the pleasure or convenience of the family as a unit, or of an individual member of it. Thus, the right of the plaintiffs to recover rests on their ability to establish facts which render the family car doctrine applicable, and consequently, the defendant presumptively liable as the owner of such a family car. *Maher* v. *Fahy,* 112 Conn. 76, 80–81, 151 A.2d 318 (1930); see also *Hunt* v. *Richter,* 163 Conn. 84, 89, 302 A.2d 117 (1972). This rule is grounded in the belief that one who chooses to conduct his or her activities through others is nonetheless required to conduct them so that third parties are not injured by a breach of any legal duty on the part of those acting for the principal while they are acting on behalf of and within the scope of authority granted by the principal. When a member of a family maintains a car for the pleasure, use and convenience of the family, and its purposes, he or she makes such pleasure and use a personal concern, thereby making those

family members who use or enjoy the car his or her agents, as if they were pursuing the affairs of the owner. *Dibble* v. *Wolff,* 135 Conn. 428, 434, 65 A.2d 479 (1949).

Applicability of the family car doctrine is dependent upon the connection that the member of the household has with the car. He or she must *own,* maintain, or furnish the car, and have or exercise some degree of control over its use. 60A C.J.S., Motor Vehicle § 433 (3). Usually, liability under the doctrine is sought to be imposed on a member of a household who owns the car. It is not necessary to fit both of these roles, however. Generally, control over the use of the car rather than legal title is dispositive; 2 F. Harper & F. James, Torts, p. 1421; although ownership is significant.

Our legislature has defined "owner" as any person holding title to a motor vehicle. General Statutes § 14-1 (37).[5] In the case of a privately owned car, this definition has been applied through the certificate of registration. The certificate, in a particular person's name and identifying a particular vehicle, warrants a finding of ownership of that vehicle by the person in whose name the car is registered. *Scalora* v. *Shaughnessy,* 151 Conn. 252, 255, 196 A.2d 763 (1963). Indisputably, the defendant was the title holder of the vehicle in this case.[6] Since the driver of the car at the time of the collision was the daughter of the title holder of the vehicle, General Statutes § 52-182 became operative and the father is therefore presumed to have given the daughter general authority to drive the car. In addition, our Supreme Court has held that "our statute goes further than merely establishing a presumption, in that it expressly places upon the defendant the burden of

[5] General Statutes § 14-1 (37) provides in pertinent part: " 'Owner' means any person holding title to a motor vehicle, or having the legal right to register the same, including purchasers under conditional bills of sale . . . ."

[6] See footnote 3, supra.

introducing evidence to rebut the presumption created by the statute. Moreover, that presumption is not ousted simply by the introduction of any evidence to the contrary." *Jancura* v. *Szwed,* 176 Conn. 285, 290, 407 A.2d 961 (1978). A presumption of law is operative until the trier of fact finds such facts as fairly put the question in issue. If no relevant evidence is introduced, or if countervailing evidence is produced but not believed, the presumption holds and the plaintiff is entitled to prevail on the issue. *Koops* v. *Gregg,* 130 Conn. 185, 188, 32 A.2d 653 (1943); see also *Jancura* v. *Szwed,* supra, 290; *O'Dea* v. *Amodeo,* 118 Conn. 58, 65, 170 A. 486 (1934).

The owner of personal property traditionally has the right to control and use the property. *Smith* v. *Simpson,* 260 N.C. 601, 133 S.E.2d 474 (1963). The trial court in this case was justified in inferring from the evidence that the defendant fully intended to reserve the right to control and use the car. The defendant was the registered owner and the insured on the car his daughter generally drove and was driving at the time of the collision. The defendant relies heavily on *Smith* v. *Simpson,* supra, where a minor son was permitted by his father, to receive and use his wages as he chose. The son fully paid for and maintained a car, only relying on his father's credit to obtain a car loan. In that case, the court held that the father merely provided credit, not an automobile. *Smith* is distinguishable from the present case in that here, the defendant loaned cash towards the down payment. More importantly, we have the benefit of General Statutes § 52-182. A parent's retention of title to a car has frequently been sufficient justification for application of the family car doctrine when the doctrine is otherwise applicable, even if the vehicle has been completely paid for by the child in question and the child has beneficial ownership. 7A Am. Jur. 2d, Automobiles and Highway Traffic § 660.

Our rule is not unbounded, however. It must be shown that the driver has received general authority from the owner to use the car for a family purpose, that is, for the pleasure or convenience of the family or a member of it. *O'Keefe* v. *Fitzgerald,* 106 Conn. 294, 296, 137 A. 858 (1927). Clearly, in this case, the court was justified in finding that at the time of the collision the defendant's daughter was using the car for her pleasure and convenience, as she was free to do at all times.

In concluding that the defendant had not overcome his burden of proof as required by General Statutes § 52-182 and its case law, and that the family car doctrine applied, the trial court's conclusions were legally correct and factually supported. In view of this holding, we need not consider the defendant's agency liability under General Statutes § 52-183.

There is no error.

In this opinion the other judges concurred.