The plaintiff Custis has brought suit against the defendant as the result of an automobile accident on Connecticut Avenue, Bridgeport, Connecticut on July 7, 1988. She claims that while she was driving at ten miles per hour the defendant's vehicle ran through a stop sign and caused a complete loss of her motor vehicle in the amount of $9,000.00 as a result of the defendant's negligence.
The plaintiff further claims that pursuant to 52-183, Conn. Gen. Statutes, that the operator of the defendant's car was presumed the agent of the defendant.
The plaintiff relies on a "Certificate of Search" dated October 4, 1990 which she obtained from the Connecticut Department of Motor Vehicles (DMV) and which indicates that the car involved in the accident was owned by the defendant and therefore the driver of the car, who was unidentified, was under 52-183, Conn. Gen. Statutes, the agent of the defendant Anne Carter.
The evidence discloses that in June 1977, Anne Carter was in fact the owner of the Plymouth Volare station wagon. On June 24, 1987 she sold that car to Willie Rowe for $100.00. She signed the Certificate of Title and delivered it to Mr. Rowe through her husband Edward who also delivered a receipt to Rowe for the payment, and on July 1987 Edward went to the Department of Motor Vehicles and delivered the license plates for the car and asked for a cancellation of the registration which he delivered to the department. In evidence is a "Registration Plate Receipt" of the Department of Motor Vehicles which has the date July 29, 1987 under the heading "Date Registration Plate Returned" although the box under the heading "Cancellation Requested" is marked "no" and it has the defendant Carter as the "Registrant's Last Name." Thereafter, Rowe took everything delivered by Anne and Edward Carter to the Department of Motor Vehicles and received a temporary registration and license plates which he used to drive the car to his home where he intended to repair it. He found that the repairs were more than he could handle and he gave the car to another person who repaired his other motor vehicle and it is presumed that that person is the unidentified person who had the accident with Mrs. Custis. She was never able to identify the person who was operating the car with which she had the accident. Some of the Carters' subsequent correspondence CT Page 5333 with the Department of Motor Vehicles shows that they do not have a cancellation of the Carter registration, although a second "Registration Plate Received," under the heading "Cancellation Requested" dated October 6, 1988 has the box for "yes" marked.
The "Certificate of Search" does indicate the owner as Anne Carter and by virtue of 14-174 (d) Conn. Gen. Statutes is prima facie evidence of the fact appearing on it. However, 14-174 concerns itself with a "Certificate of Title," which is not in evidence herein, as distinguished from a "Certificate of Search" which is the evidence in the instant case. The court does find that the "Certificate of Search" sets forth Anne Carter as the owner. However, the evidence is clear that in June 1987 Anne Carter sold the car to Willie Rowe and delivered the "Certificate of Title" to him along with a receipt for his payment and that ownership and title of the Plymouth station wagon was transferred to Rowe. To prove that the Certificate of Title was signed by Anne Carter and delivered to Rowe is the fact that he received a temporary registration and plates from the Department of Motor Vehicle which he used to take the car into his possession. The accident with the plaintiff did not occur until July 7, 1988 more than a year later. Edward Carter has a "Registration Plate Receipt" from the Department of Motor Vehicle showing the plates returned on July 29, 1987. The box marked "no" under "Cancellation Requested" has no effect since the receipt shows that the plates were surrendered, an indicia that the car had been transferred or disposed of. As the court has pointed out, the Carters complied with 14-179 "Transferring Interest in Vehicle" the proof of which is that it was accepted by the Department for the new temporary certificate and plates issued to Rowe. Under the presumption that civil servants are presumed to have executed their assigned duties legally and correctly, the court finds that the temporary certificate and plates were legally and correctly issued which forms the basis of the finding that Anne Carter executed and delivered the "Certificate of Title" to Willie Rowe.
Under the holding of Cook v. Nye, 9 Conn. App. 221, 226, which concerns itself with the family car doctrine, the owner is the one holding title to a motor vehicle, and that he must introduce evidence to rebut the presumption of ownership created by the statute. That same presumption of being owner present in the instant case has been rebutted by evidence which shows that Anne Carter had transferred the ownership of the Plymouth automobile involved in the accident. Koops v. Gregg, 130 Conn. 185,187, is to the same effect as Cook v. Nye, supra and its effect is exactly the same as that case since the defendant has factually rebutted the presumption. CT Page 5334