[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a two-count complaint against the defendant Jeffrey Pflieger, and his parents, Russell and CT Page 10252 Josephine. He alleges that he was a passenger in a car that was owned and operated by Jeffrey. He further asserts that he suffered injuries when Jeffrey lost control of his vehicle and struck a large tree. The second count is drawn to avail himself of the family car doctrine. See § 52-182 of the General Statutes. The defendants have filed a motion for summary judgment.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578 (1990). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 379 (1969). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United TechnologiesCorp., 233 Conn. 732, 751-52 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). The court may consider not only the facts presented by the parties' affidavits and exhibits, but also the "inferences which could be reasonably and logically drawn from them . . . ." United Oil Co. v. Urban RedevelopmentCommission, supra, 381. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Millerv. United Technologies Corp., supra.
The defendants argue that Jeffrey's parents may not be held liable under the family car doctrine.[1] In support of their contention, Jeffrey and his parents have all submitted affidavits. Jeffrey's affidavit attests that he owned the car in question, registered it in his name, and insured the automobile under his own policy. All of the affidavits attest that Jeffrey's parents did not own, control, or furnish the vehicle and that Jeffrey did not live at his parents' Connecticut residence at the time of the accident.
The plaintiff argues that Jeffrey's parents are liable under the family car doctrine. The plaintiff's affidavit attests that CT Page 10253 Jeffrey purchased the vehicle with funds supplied by his parents. It further recites that Jeffrey was living at his parents' home on the day of the accident. The plaintiff has also submitted documentation, including the accident report, which indicates that Jeffrey lived at his parents' Connecticut address.
It has long been settled in Connecticut that "when an automobile is maintained by the owner thereof for the general use and convenience of his or her family, such owner is liable for the negligence of a member of the family, having general authority to drive the car, while it is being used as such family car, that is, for the pleasure or convenience of the family or a member of it." (Internal quotation marks omitted.) Jancura v.Szwed, 176 Conn. 285, 289 (1978). See also Cook v. Nye,9 Conn. App. 221, 225 (1986). "Applicability of the family car doctrine is dependent upon the connection that the member of the household has with the car. He or she must own, maintain, or furnish the car, and have or exercise some degree of control over its use."Cook v. Nye, supra, 226.
Although the defendants attest that Jeffrey owned the vehicle in question, they do not provide any documentation to support their assertion, such as a certificate of registration. Moreover, Jeffrey's attestation that the car was registered in his name, even if believed by the fact finder, would not compel a finding that he owned the vehicle. See Brockett v. Jenson, 154 Conn. 328,337 (1966). Furthermore, given the plaintiff's attestation that Jeffrey's parents provided the funds for the vehicle and that Jeffrey was a student who lived at his parents' address at the time of the accident, the jury could reasonably infer that Jeffrey's parents furnished the car and exercised some control over it.
There is a genuine issue of material fact, and the defendants' motion for summary judgment is, accordingly, denied.
Moraghan, J.