[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AVIS RENT-A-CAR'S MOTION FOR SUMMARYJUDGMENT
CT Page 13335
In this case a seventeen year old defendant driver was driving a rental vehicle and had a collision with another car allegedly injuring the plaintiff. The mother of the defendant driver had rented the car from the defendant Avis. The rental contract specifically states that "all additional drivers except renter's spouse must be listed." This language appears in bold type on the first page of the rental agreement near the top of the left hand column right under the box listing the renter's name, address and phone number. The document in legible type says that regarding additional drivers listed a consideration of a to be determined amount per day will be charged for the listed additional drivers. No additional drivers were listed by the mother who rented the vehicle. In a highlighted box at the bottom of the left hand column on the same first page it also states: "No one under the age of 18 may operate the vehicle."
The defendant Avis has now filed a motion for summary judgment relying on Pedevillano v. Bryon, 231 Conn. 265 (1994) which the defendant claims excuses it from liability since the seventeen year old child of the renter of the car was an unauthorized driver. The plaintiff disputes this claim. There are no genuine issues of material fact so that resolution of this motion for summary judgment can be resolved as a question of law.
The plaintiff does not dispute that the daughter is an unauthorized driver under the provisions of the rental agreement but claims those provisions are "unconscionable, unreasonable, and in violation of public policy." Unconscionability generally requires "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party," Williams v. Walker-ThomasFurniture Co., 350 F.2d 445, 449 (DC, 1965). Despite the holding of Pedevillano the plaintiff further argues that that case never meant to sanction inclusion of clauses restricting liability which are violative of public policy, of Pedevillano
at 231 Conn. Pp 270-271, lessor could not relieve itself of liability for misconduct by authorized drivers. Also, the plaintiff argues that exclusion of family members other than spouses from the class of authorized users "directly contradicts the legislative policy supporting the Family law doctrine," seeCook v. Nye, 9 Conn. App. 221, 225 (1980). CT Page 13336
Dealing with the unconscionability claim first, it is hard to see how the contract provisions can be called unconscionable.Pedevillano lays to rest any claim that merely because one of these agreements is between a non-business person and a commercial lessor of cars this creates any presumption of unconscionability despite the fact that the agreement limits the ambit of what might be said to be a literal reading of section 14-154a (statute providing for civil liability of lessors of motor vehicles). The contract provisions are clear and readily understandable, located in prominent positions in the contract in bold or highlighted type. This is a case where the renter did not even choose to list additional drivers. The reason why the 17 year old driver was not listed, could have been because the contract explicitly said here that no one under 18 could drive the car. But there is no explicit claim that such a provision would violate public policy or state law and this court has difficulty resolving this issue as a court; a legislative solution may be more appropriate, Crawford v. Janet Laurence etal, 14 Conn. L Rptr. 146 (1995).
Also there is lacking in this unconscionability claim any evidence that the renter here had no meaningful choice but to sign the contract or that this term was "unreasonably" favorable to Avis. There has been no evidence offered as to whether the mother who rented this car had rental options with other companies that did not require additional drivers be listed or permitted drivers under eighteen. Why is it so important to this family or families in general that minor children have access to rental cars in short term lease situations — here the lease was apparently only for a few days according to the contract attached to the motion? Certainly in such a context that level of deprivation of meaningful choice cannot be said to be approached which would demand the revocation of such a contract provision reasonably brought to the lessee's attention. Nor can it be said on the basis of this record that these contract provisions were unreasonably favorable to Avis. It certainly had a right to demand that additional drivers be listed and listing such drivers is the only mechanism by which it can impose additional costs. Avis's reason for not permitting drivers less than 18 is in all likelihood based on the desire to keep down its costs and thus rental costs. Not an unreasonable goal and not one here challenged on the basis of public policy. The court cannot conclude that the contract is unconscionable.
Furthermore, the court cannot conclude these provisions CT Page 13337 violate the public policy of the state by contradicting the legislative policy expressed in the family car doctrine.
The basis of the family car doctrine is expressed in Cook v.Nye, supra, and especially in its reference to older cases likeDibble v. Wolf 135 Conn. 428, 434 (1949). That case held that when a member of a family maintains a car for the pleasure, use and convenience of the family and its purposes, he or she makes that use of the car a personal concern and interest — thus the family members who use and enjoy the car are his or her agents as if they were pursuing the interests of the actual owner, see alsoStickney v. Epstein, 100 Conn. 170, 179. Here Avis is the owner of the car. The only benefit Avis gets and should be expected to get is the rental fee it charges pursuant to and based on the car rental agreement. In such circumstances it would not be fair to impose an additional cost of ownership on Avis — responsibility for unlisted family members. Unlike the parental owner of the car it gets no benefit from having an unlisted child drive a car it happened to rent to the parent and it makes clear to the parent it, as owner, does not wish to assume any interest the parent might have in permitting a child to drive the car. This has nothing to do with the fair ambit of the family car doctrine and why it was established.
The motion for summary judgment is granted for Avis.
CORRADINO, J.