[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION ON CAMRAC, INC.'S MOTION FOR SUMMARY JUDGMENT (#117)
By motion dated February 15, 2001, plaintiffs seek reconsideration and/or articulation from the court concerning its Memorandum of Decision, dated January 29, 2001, in which it granted defendant CAMRAC, Inc.'s (CAMRAC) motion for summary judgment. Plaintiffs claim that the leased vehicle at issue "should be considered a family car and the family car doctrine statute should govern this matter in accordance with Connecticut General Statutes § 52-182." Plaintiffs' Motion For Reconsideration And/Or Articulation, p. 1 (hereafter "the motion for reconsideration"). The court notes that this issue was raised at oral argument on November 13, 2000, but was not discussed in Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment, dated November 8, 2000. In addition, the motion for reconsideration contains no citation to decisional authority. CAMRAC has filed no papers in opposition to the motion for reconsideration.
The court grants the motion for reconsideration and issues this supplemental memorandum of decision to address the issue. As set forth below, as a matter of law the court finds that neither the family car doctrine nor General Statutes § 52-182 is applicable to the facts at issue. Accordingly, the court reiterates that CAMRAC's motion for summary judgment is granted.
 BACKGROUND
For ease of reference, the court repeats in substance the background material set forth in its January 29, 2001 Memorandum of Decision. In addition, in view of the motion for reconsideration, additional reference is made to the fourth amended complaint, described below.
The present action arises out of a car accident which allegedly occurred on November 11, 1999. It is claimed that, at the time of the accident, the plaintiffs, Judith, Lauren and Ashley Orozco, were traveling westbound on Route 175 in Newington, Connecticut in a car operated by Judith Orozco. The defendant, Jeremy Groll, was traveling eastbound on Route 175 in Newington, Connecticut. The plaintiffs allege that the car operated by Jeremy Groll crossed into the westbound lane and collided head-on with the car being operated by Judith Orozco, resulting in injury to the plaintiffs.
According to the allegations, the car operated by Jeremy Groll was CT Page 3553 rented by the defendant, Carol Groll, from the defendant, CAMRAC, Inc. doing business as Enterprise Rent-A-Car (CAMRAC). The plaintiffs allege that CAMRAC is liable for the injuries caused by Jeremy Groll pursuant to General Statutes § 14-154a.
The plaintiffs' fourth amended complaint alleges fourteen counts against the three defendants. Counts four, five and six allege that CAMRAC is liable to Judith, Lauren and Ashley Orozco, respectively, for personal injuries caused by the negligence of Jeremy Groll pursuant to § 14-154a. Count eight alleges that CAMRAC is liable for property damage to Judith Orozco's vehicle pursuant to § 14-154a. Counts twelve, thirteen and fourteen allege that CAMRAC is liable to Judith, Lauren and Ashley Orozco, respectively, for double or treble damages due to the recklessness of Jeremy Groll. Paragraphs 4 and 5 of each of the foregoing counts are as follows:
"4. Said vehicle was owned by the Defendant, Camrac, Inc., who leased and/or rented said vehicle and is thereby liable pursuant to Connecticut General Statutes § 14-154a to the full extent as the operator.
5. The operator of the Defendant's vehicle was operating said vehicle within the express and/or implied consent of the owner and/or was operating said vehicle as a family car, pursuant to Connecticut General Statutes § 52-183 and/or Connecticut General Statutes § 52-182." (Fourth Amended Complaint, counts four, five, six, eight, twelve, thirteen, and fourteen, ¶¶ 4-5.)
 STANDARD OF REVIEW
Rather than repeat the section from the previous Memorandum of Decision concerning the standard of review, the court incorporates it by reference. See Memorandum of Decision, dated January 29, 2001, at pp. 3-4.
 DISCUSSION
The motion for reconsideration asks the court to consider the car operated by Jeremy Groll as a "family car" and to find that the presumption set forth in General Statutes § 52-182 is applicable to the circumstances. In its Memorandum of Decision, at pp. 5-8, the court found that the evidence presented by CAMRAC clearly established that Jeremy Groll was not authorized to operate CAMRAC's vehicle at the time of the collision. The evidence demonstrated that he did so in violation of the express terms of the rental contract between Carol Groll and CAMRAC. Id. CT Page 3554
As originally developed in this state, under the family car doctrine, "the head of the family who maintains a motor vehicle for the general use and convenience of his family is liable for the negligence of a member of the family having general authority to drive it, if it is being used as a family car. The applicability of the rule was broadened. . . . to include the owners of all family cars, not just heads of families." (Citation omitted.) Silverman v. Silverman, 145 Conn. 663, 666-667, 145 A.2d 826
(1958).
The same issue raised by plaintiffs here, concerning the claimed applicability of the family car doctrine to a rented vehicle, was addressed by the court in Montefusco v. Shahhein, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 057772 (December 9, 1997, Corradino, J.). There, the court stated: "The basis of the family car doctrine is expressed in Cook v. Nye, supra [9 Conn. App. 221, 225, 518 A.2d 77 (1986)] and especially in its reference to older cases like Dibble v. Wolf, 135 Conn. 428, 434 (1949). That case held that when a member of a family maintains a car for the pleasure, use and convenience of the family and its purposes, he or she makes that use of the car a personal concern and interest — thus the family members who use and enjoy the car are his or her agents as if they were pursuing the interests of the actual owner, see also Stickneyv. Epstein, 100 Conn. 170, 179. Here Avis is the owner of the car. The only benefit Avis gets and should be expected to get is the rental fee it charges pursuant to and based on the car rental agreement. In such circumstances it would not be fair to impose an additional cost of ownership on Avis — responsibility for unlisted family members. Unlike the parental owner of the car it gets no benefit from having an unlisted child drive a car it happened to rent to the parent and it makes clear to the parent it, as owner, does not wish to assume any interest the parent might have in permitting a child to drive the car. This has nothing to do with the fair ambit of the family car doctrine and why it was established." Montefusco v. Shahhein, supra.
Judge Corradino's analysis in Montefusco is applicable to the parties here. CAMRAC's rental of the car to Carol Groll had nothing to do with the family car doctrine. That doctrine may not be extended to impose liability on CAMRAC under these circumstances.
Equally unavailing to the plaintiffs' position is their reference to General Statutes § 52-182. That statute provides, in pertinent part, that "[p]roof that the operator of a motor vehicle . . . was the husband, wife, father, mother, son or daughter of the owner shall raise a presumption that such motor vehicle . . . was being operated as a family car . . . within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such CT Page 3555 presumption." (Emphasis added.) "The purpose and the effect of the enactment of 52-182 was not to affect or create substantive rights; its purpose was merely to govern procedure." Hunt v. Richter, 163 Conn. 84,89-90, 302 A.2d 117 (1972).
As the statute reflects, the presumption relates to operation of a vehicle by a member of the owner's family. As plaintiffs pleaded in their complaint, and as the evidence reflects, the owner of the car in question was CAMRAC, not Carol Groll. Jeremy Groll, the operator, had no familial relationship with CAMRAC. The presumption does not apply in this case.
 CONCLUSION
As set forth in its Memorandum of Decision of January 29, 2001, the evidence presented by CAMRAC is sufficient to meet its burden of showing the absence of any genuine issue of material fact. The plaintiffs did not present any evidence to support their claim of an issue of fact. Jeremy Groll was not authorized by the rental contract to drive CAMRAC's vehicle at the time of the collision. Since he was an unauthorized driver, CAMRAC cannot be liable to the plaintiffs. The family car doctrine is not applicable to these circumstances. After reconsideration, the court reiterates that CAMRAC's motion for summary judgment is granted.
It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT