[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#134)
CT Page 4412
 FACTS
December 19, 1998, Joseph Datillo was the driver in a one car accident that occurred at approximately 2:00 a.m., on route 395, near Montville, Connecticut. At the time, Danielle M. Kabelis, the plaintiff, was a passenger in the back seat of the vehicle. The plaintiff has filed the instant action against Joseph Datillo, his father Michael Datillo, Nationwide Mutual Insurance Company, and Prudential Property and Casualty Insurance Company to recover for the injuries she suffered as a result of the accident. The plaintiff alleges that Joseph Datillo was either negligent or reckless in driving the automobile and that his actions while driving directly caused her injuries.
In her complaint, the plaintiff alleges the following facts. Joseph Datillo was operating the motor vehicle in the course of his agency or employment with Michael Datillo because Joseph Datillo was employed by Michael Datillo at the time of the accident. Joseph and Michael Datillo co-owned the vehicle and maintained it as a family car. The automobile was being operated within the general authority Michael Datillo gave Joseph Datillo to use the automobile. Lastly, because Michael and Joseph Datillo shared a residence, were co-owners of the automobile and are related as father and son, a presumption arises under General Statutes § 52-182 that Michael Datillo is liable for the plaintiff's damages through the "family car doctrine."
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal CT Page 4413 quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381, 713 A.2d 820 (1998).
The motion for summary judgment that is currently before the court was filed by Michael Datillo on September 15, 2000. In the motion, Michael Datillo argues that he is entitled to judgment as a matter of law because there is not enough evidence[1] to support a claim that he co-owned the automobile. Therefore, Michael Datillo argues that there is not enough evidence to grant relief to the plaintiff pursuant to General Statutes § 52-183[2] or General Statutes § 52-182.[3]
"It has long been settled in Connecticut that when a car is maintained by its owner for the "general use and convenience of his or her family,' the owner is jointly and severally liable for the negligence of a family member, who, having general authority to drive the car, uses it negligently while embarked on a family purpose, that is, for the pleasure or convenience of the family as a unit, or of an individual member of it. Thus, the right of the plaintiffs to recover rests on their ability to establish facts which render the family car doctrine applicable, and consequently, the defendant presumptively liable as the owner of such a family" Cook v. Nye, 9 Conn. App. 221, 225, 518 A.2d 77 (1986).
"This rule is grounded in the belief that one who chooses to conduct his or her activities through others is nonetheless required to conduct them so that third parties are not injured by a breach of any legal duty on the part of those acting for the principal while they are acting on behalf of and within the scope of authority granted by the principal. When a member of a family maintains a car for the pleasure, use and convenience of the family, and its purposes, he or she makes such pleasure and use a personal concern, thereby making those family members who use or enjoy the car his or her agents, as if they were pursuing the affairs of the owner." Cook v. Nye, supra, 9 Conn. App. 225-26.
"Applicability of the family car doctrine is dependent upon the connection that the member of the household has with the car. He or she must own, maintain, or furnish the car, and have or exercise some degree of control over its use. . . . Usually, liability under the doctrine is sought to be imposed on a member of a household who owns the car. It is not necessary to fit both of these roles, however. Generally, control over the use of the car rather than legal title is dispositive. . . . although ownership is significant." (Emphasis in original.) (Citations omitted.) Id., 226.
In interpreting General Statutes § 52-152, the Appellate Court has CT Page 4414 held that "proof that the operator of a motor vehicle was the husband, wife, father, mother, son or daughter of the owner raises a presumption that the motor vehicle was being operated as a family car within the scope of a general authority from the owner. The burden then shifts to the defendant to rebut this presumption." Dionne v. Markie,38 Conn. App. 852, 854, 663 A.2d 420 (1995).
In support of his motion, Michael Datillo submitted an uncertified copy of the automobiles registration (Defendant's Memorandum, Exhibit A) which indicates that Joseph Datillo was the sole owner of the vehicle under General Statutes § 14-1 (a) (56).[4] The registration also indicates that Joseph Datillo was the vehicle sole registrant. Michael Datillo also submitted a certified copy of an affidavit he gave (Defendant's Memorandum, Exhibit B), and a request for admissions from Joseph Datillo (Defendant's Memorandum, Exhibit B). The affidavit and the request for admissions indicate that only Joseph Datillo used, possessed and controlled the vehicle prior to the accident. At the hearing on the motion, Michael Datillo also submitted an uncertified copy of the purchase agreement he signed with Valenti Volkswagen Suzuki (Exhibit A), an uncertified copy of the finance agreement he signed with Valenti Volkswagen Suzuki (Exhibit B), an uncertified copy of Joseph Datillo's deposition testimony (Exhibit C), a copy of Joseph Datillo's unamended answer dated December 9, 1999 (Exhibit D), and an uncertified copy of Michael Datillo's deposition (Exhibit E). Based on these submissions, Michael Datillo argues that no presumption arises under General Statutes § 52-182 or General Statutes § 52-183, which, absent a rebuttal, would allow him to be held liable for Joseph Datillo's accident with the plaintiff under the family car doctrine.
The plaintiff filed a reply memorandum on October 6, 2000. In her memorandum, the plaintiff argues that proof that the vehicle was registered and titled in Joseph Datillo's name alone is not conclusive evidence that Michael Datillo did not have an ownership interest in the vehicle under General Statutes § 14-1. In support of this argument, the plaintiff relies on the bill of sale (Exhibit A) and the retail installment contract (Exhibit B) which were signed by both Michael and Joseph Datillo, on October 27, 1999, to raise a material issue of fact with regard to whether the vehicle was jointly owned by Michael and Joseph Datillo.
The plaintiff additionally argues, based on the fact that both of the defendants signed the bill of sale and financing agreement (Exhibits A and B) and the admission in Joseph Datillo's unamended answer that he was employed by Michael Datillo (Exhibit D, ¶ 5), that it can be inferred CT Page 4415 that the automobile was jointly purchased in connection with the family business owned by Michael Datillo.[5] The plaintiff argues that, contrary to Michael Datillo's assertions in his affidavit and deposition, there are material issues of fact regarding whether Michael Datillo had any control over the vehicle, had ever driven the automobile or ever had possession of a key to the automobile. The plaintiff claims that the determination of these issues is best left to a trier of fact because they involve an assessment of the credibility of Joseph and Michael Datillo.
The sole issue to be decided in this motion for summary judgment is whether there is a genuine issue of material fact regarding whether Michael Datillo was a co-owner of the vehicle. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) UnitedOil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). If there is no genuine issue of material fact regarding Michael Datillo's ownership of the vehicle, and it is found that he was not a co-owner of the vehicle, then he is entitle to summary judgment.
General Statutes § 14-1 (a) (56) provides in relevant part that an owner of a vehicle is any person holding title to a motor vehicle, or having the legal right to register the same, including purchasers under conditional bills of sale." A conditional bill of sale is defined as one where the buyer takes possession of an item, but does not receive title to the item until a condition is met. See Black's, Law Dictionary (6th Ed. 1991). Although there is no Connecticut case law which specifically holds that a finance agreement is the same as a conditional bill of sale, because the finance agreement created a lien on the vehicle which could not be removed until the finance agreement was paid in full, the court finds that the finance agreement submitted to the court constitutes a "conditional bill of sale" under General Statutes § 14-1 (a) (56). The court also finds that a "conditional bill of sale" exist because the finance agreement gives the company the right to repossess the vehicle, in the event of a default by the defendants. See generally General MotorsAcceptance Corporation v. Cirone, 146 Conn. 64, 65, 147 A.2d 481 (1958) (describing generally how the purchaser of an automobile receives possession of the automobile under a conditional sales contract prior to full payment). In this instance, because Michael Datillo's name was signed on the finance agreement, there is a material issue of fact with regard to whether he could have been listed on the title as the owner of the vehicle and whether he could have registered the vehicle, as the CT Page 4416 owner, under General Statutes § 14-1 (a) (56).
Although the court notes that Joseph Datillo is the sole registrant of the vehicle, it also notes that where a person is named on a registration as the owner, that the "registration is prima facie evidence — that is, it warrants, although it does not compel, a finding — of ownership of the vehicle described in the certificate of registration."Scalora v. Shaughnessy, 151 Conn. 252, 255, 196 A.2d 763 (1963); see Cookv. Nye, supra, 9 Conn. App. 226. Thus, the court is not compelled to find that Joseph Datillo was the sole owner of the subject automobile based on the evidence submitted by the defendants in light of the evidence relied on by the plaintiff that raises a genuine issue of material fact as to the ownership of the vehicle. Accordingly, the defendant, Michael Datillo's motion is denied.
Martin, J.